UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE COMPANY, et al,

                             Plaintiffs,

          -v.-

ROBERT H. HURLBUT, et al,

                            Defendants.
------------------------------------------------------------------X

Civil Action No. 08-CV7192
(D.C.)

DECLARATION OF
REUBEN EPSTEIN

REUBEN EPSTEIN declares as follows pursuant to 28 U.S.C. § 1746:

    1. I have worked for the New York State Insurance Fund ("NYSIF") for 32 years at 199 Church Street, New York, New York. In my career at NYSIF, I have held the titles of Assistant Actuary, Senior Statistician, Senior Actuary, Associate Actuary, Principal Actuary, Supervising Actuary and my current position as Director of Actuarial Services which I have held since December of 2001. All of my promotions and my original appointment had to be approved by the New York State Department of Civil Service based on review and rating of my training and experience. To qualify for promotions to the higher positions, I was also required to pass five (5) of the professional actuarial examinations given by the Casualty Actuarial Society.

    2. I am fully familiar with the facts set forth in this declaration which I submit in opposition to plaintiffs' motion for a preliminary injunction and in support of defendants' motion to dismiss plaintiffs' complaint as an explanation of the procedures utilized to calculate the present value of a claimant's workers' compensation award.

    3. NYSIF is the administrator for the Aggregate Trust Fund ("ATF") for which NYSIF receives a fee equal to 3% of payments made by the ATF to claimants.

    4. The certified present value ("pv") of the award, often simply called the pv of the award, is

the pv of future payments to be made by the ATF both to claimants and to NYSIF as its administrative fee. The pv date is the date by which the deposit is to be received by the ATF, and the date on which payments are to begin.

5. The calculation of the pv of the award for accidents occurring on or after 1/1/2001 is at the industry standard interest rate as promulgated by the Superintendant of Insurance. Currently that is 5% for all such accidents. For accidents that occurred on or after 9/1/83 but before 1/1/2001, the pv is calculated at 6%; for an accident that occurred prior to 9/1/83 but on or after 7/1/39 the pv is calculated at 3%; for an accident that occurred prior to 7/1/39 the pv is calculated at 3.5%.

6. Prior to the enactment of Chapter 6 of the Laws of 2007, there were some post 1/1/2001 pv's calculated and deposits made at 6%. The ATF has not asked for additional deposit due to the change in interest rate.

7. The basis of the mortality reflected in the calculation of the pv of lifetime awards is the Survivorship Annuitants Table of Mortality. For permanent partial disability awards made for a definite number of weeks, no mortality is used in the calculation of the pv. Instead annuities certain are used, that is the assumption is that the award will definitely be paid out in full. If the claimant should die before the entire award is paid out, and if the unpaid balance is not awarded to the heirs or to the estate, then the ATF will refund the pv of the unpaid balance to the carrier.

8. The interest rate, mortality table, and the use of annuities certain are all specified in Section 27 of the Workers' Compensation Law ("WCL").

9. The proper procedure followed to order the deposit described in WCL § 27 into the ATF is as follows:

   a. A Notice of Decision ("NOD") is issued by the WCB stating that deposit is to be made into the ATF, Actuarial figures to follow;
   b. The WCB sends a notification to the ATF requesting calculation of the pv to be deposited;
   c. The ATF calculates the pv and sends a response to the WCB;
   d. The WCB then issues a Supplemental NOD, specifying the exact amount and date of deposit;
   e. The carrier deposits into the ATF the required amount by the pv date; and
   f. The ATF commences payment to the claimant.

10. Pursuant to WCL § 23, a carrier can seek review of the NOD or supplemental NOD to the WCB. Such review has the effect of a stay of the deposit notification. However, if the carrier loses on review of the WCB, the full original award, plus interest at the appropriate rate, must be made to the ATF. The ATF will apply a credit for any payments made to the claimant by the carrier beyond the pv date.

11. The above procedure applies even if the carrier subsequently appeals to the New York State Appellate Division. If the carrier successfully appeals, the ATF will refund the original deposit less (i) any payments made by the ATF directly to the claimant; and (ii) the administrative fee on such payments.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 26, 2008

_____
Reuben Epstein
Director of Actuarial Services