UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE COMPANY, *et al*,

                           Plaintiffs,

      -v.-

ROBERT H. HURLBUT, *et al*,

                           Defendants.
---------------------------------------------------------------X

Civil Action No. 08-CV7192

DECLARATION OF
<u>ROBERT SAMMONS</u>

ROBERT SAMMONS declares as follows pursuant to 28 U.S.C. § 1746:

    1. I have worked for the New York State Insurance Fund ("NYSIF") for 31 years. Currently, I am employed by NYSIF as the Claims Information Technology Project Manager at 15 Computer Drive West, Albany, New York, where I am chiefly responsible for overseeing the Claims Information Technology Project Portfolio. I report directly to the NYSIF Executive Director. During my tenure with NYSIF, I have held positions as Director of Claims, Co-Director of Claims and Chief Information Officer. As part of my duties, I have been responsible for the supervision of the Aggregate Trust Fund ("ATF") Unit and/or the technology necessary for the ATF to fulfill its mandate.

    2. I am fully familiar with the facts set forth in this declaration which I submit in opposition to plaintiffs' motion for a preliminary injunction.

    3. Pursuant to Workers' Compensation Law ("WCL") §76, the NYSIF is a New York State agency established within the New York State Department of Labor for the purpose of insuring employers against liabilities for personal injuries or death sustained by their employees.

    4. As set forth in WCL §76, the NYSIF consists of two separate funds -- (I) the Workers' Compensation Fund and (II) the Disability Benefits Fund -- each consisting of all premiums received and paid into the fund, of property and securities acquired by and

through the use of monies belonging to the fund and deposited or invested as provided under the WCL.

5. Pursuant to WCL § 77, the NYSIF is administered by a Board of Commissioners appointed by the Governor with the advice and consent of the New York State Senate. In addition, the Commissioner of Labor serves as *ex officio* Commissioner of the NYSIF.

6. Pursuant to WCL §85, the Commissioner of Taxation and Finance serves as the custodian of the NYSIF.

7. Pursuant to WCL §27, the NYSIF also administers the ATF.

8. The ATF is an indivisible and aggregate trust fund consisting of deposits made at the direction of the Workers' Compensation Board ("WCB") primarily by third-party insurance carriers and, in some cases at the discretion of the WCB, by self-insured employers.

9. The purpose of the ATF is to ensure payment of long-term awards to injured workers and their dependents.

10. To cover the costs of administering the ATF, the NYSIF receives a fee of 3% of the amount of current benefit payments.

11. The ATF is required to be kept completely separate and apart from all other moneys of the NYSIF.

12. The NYSIF is not required to make mandatory deposits into the ATF, because such deposits are unnecessary to ensure payment of long-term awards to injured workers as the monies of the NYSIF are backed by the full faith and credit of the State.[1]

13. Deposits into the ATF are based upon awards and calculations approved by

---

[1] *See Methodist Hospital of Brooklyn v. State Insurance Fund*, 64 N.Y.2d 365, 374 (1985 finding that the NYSIF is "a State agency for all of whose liabilities the State is responsible, rather than a mutual insurance pool").

the WCB, using statutorily prescribed mortality and remarriage rates at assumed interest rates of 5% for deposits related to accidents occurring on and after January 1, 2001, 6% for all accidents occurring before January 1, 2001 and after August 31, 1983, 3% for accidents that occurred prior to 9/1/83 but on or after 7/1/39, and 3.5% on accidents that occurred prior to that date.

14. Chapter 6 of the Laws of 2007 amended paragraph 2 of WCL §27 to require a mandatory payment into the ATF by a stock or mutual insurance company of the present value of any permanent partial disability award made on or after July 1, 2007, regardless of accident date or date of disablement.

15. To the best of my knowledge, the WCB has yet to make an award for a permanent partial disability claim with a date of accident or disablement subsequent to March 13, 2007 (the effective date of Chapter 6 of the Laws of 2007), because not enough time has elapsed for this finding to be made. It is my understanding that the WCB has made awards on or after July 1, 2007 finding a permanent partial disability in a number of claims where the accident occurred prior to March 13, 2007. Pursuant to Chapter 6 of the Laws of 2007, the WCB has directed deposits into the ATF equal in sum to the present value of future indemnity payments on these claims.

16. Subsequent to July 1, 2007, a number of claims have been classified as permanent partial disability with direction to deposit into the ATF. Some of these claims arose from accidents occurring as far back as 1999, which would have allowed the carriers ample opportunity to settle these cases.

17. Prior to the enactment of Chapter 6 of the Laws of 2007, immediate deposit into the ATF following classification was required for certain types of permanent total and permanent partial disabilities, death benefits and scheduled loss of use cases.

18. Chapter 6 of the Laws of 2007 authorizes the ATF to enter into WCL § 32 ("Section 32") settlement agreements with a claimant once the present value of the claim has been deposited.

19. Subject to approval by the WCB, Section 32 settlement agreements are final and conclusive upon the claimant, the claimant's dependents, the employer, its insurance carrier, the ATF and the Special Disability Fund.

20. As amended by Chapter 6 of the Laws of 2007, Section 32 requires every insurance carrier to offer each claimant the opportunity to enter into an agreement settling upon and determining the compensation and other benefits due, in the case of a disability, within two years after the date the claim was indexed by the WCB or six months after the claimant is classified with a permanent disability, whichever is later, and in the case of death, within six months after entitlement to benefits is established for all beneficiaries.

21. The NYSIF routinely conducts activity checks on claims to determine if a claimant has returned to work. If a claimant were to return to work after a deposit is made into the ATF, the NYSIF would refund the unused portion of the deposit upon the modification of the award. Carriers are also free to continue rehabilitation or return to work efforts so that a modification to an award and possible return of a portion of a deposit can be made.

22. As of this date, I am aware of no Section 32 settlement agreement having been entered into or negotiated regarding an ATF case.

23. The NYSIF Claims Department has adopted a policy requiring its personnel to negotiate a Section 32 settlement in an ATF case using the same procedures, considerations and calculations they would in settling a NYSIF case. A copy of Claims Medical Bulletin #2007-4 is attached as Exhibit A.

24. The present value discount rate required the NYSIF, for many years, to accept deposits which were insufficient to support payments on claims for the duration specified in the actuarial tables.

25. Allowing the NYSIF to settle cases under Section 32 will help to: (I) ensure a financially sound ATF capable of fulfilling its mandate to provide uninterrupted payments to injured workers as the law intended; (II) reduce the cost of the claim, thereby

resulting in lowered premium rates for the employer; and (III) encourage early settlements of compensation claims pursuant to Section 32 (a) which now requires carriers to offer claimants the opportunity to enter into such an agreement.

I declare under penalty of perjury that the foregoing is true and accurate.

Executed on August 26, 2008.

*Robert J. Sammons*
Robert Sammons
Claims Project Portfolio Manager

# EXHIBIT A

**NYSIF**  New York State Insurance Fund

*INTEROFFICE MEMORANDUM*

**To:** Business & Claims Managers-Statewide
**From:** Edward Hiller, Director of Claims
**Date:** July 23, 2007 Updated February 22, 2008

## Claims Medical Bulletin # 2007-4
## New Claim Handling: Albany Claims Office
## Aggregate Trust Fund Section 32 Update*:  Impact of WC Reform 2007

*New* Aggregate Trust Fund (ATF) claims received on or after July 1, 2007 will be handled by the Albany Claims Office, Unit 997.

Effective February 22, 2008, all claims on which an original deposit is received, will be handled by Albany Claims Office, Unit 997.

**Existing ATF claims will continue to be handled by the NYC Division, Unit 999.**

**As of March 13, 2007, the ATF was authorized to enter settlement agreements under Section 32 (S32). However, the ATF is not required to make S32 offers. Further, the ATF is not required to refund to the depositing carrier any difference between the monetary amount of its deposit and the final settlement amount.**

For Section 32 settlements on claims deposited into the ATF, no settlement may exceed the amount for which NYSIF settles the indemnity portion of its own claims. At present, that amount is **5½ years of compensation payments on lifetime PPD claims.** The ATF has no comparable experience with capped PPD claims; this bulletin will be amended as experience with such claims becomes available as the workers' compensation reform goes into effect. An amount less than these figures may be offered should circumstances warrant. These amounts will be amended from time to time upon review of the relevant data.

All other policies and procedures outlined in the NYSIF Section 32 Manuals apply to ATF claims. The ATF shall provide to the funding carrier a minimum of 60 days advance notice prior to entering a settlement agreement. If the carrier makes a filing with the Board to seek modification of an award, the ATF shall not enter into a settlement agreement until the Board makes a final determination on such filing.

The ATF Manual will be updated to reflect these changes along with appropriate model S32 agreements reflecting $0 medical payment allocation, since the ATF is only responsible for payments of indemnity.

* This bulletin replaces 2001-9 with regard to S32 handling, but the portions on advances remain.

C:\Documents and Settings\sstark\Local Settings\Temporary Internet Files\OLK15\2007
4_ATF_AlbanyNewUnit997_Section32Update.doc