# EXHIBIT B

**State of New York**
**WORKERS' COMPENSATION BOARD**

# REQUEST FOR ACTUARIAL COMPUTATION

Under Sec. _____, ___ Workers' Compensation Law   ___ Volunteer Firefighters' Benefit Law   ___ Volunteer Ambulance Workers' Benefit Law

| WCB Case No. | Carrier Case Number | Carrier Code Number | Date of Accident/Injury | Date of Death |
|---|---|---|---|---|
| | | | | |

| Claimant | Carrier | Employer |
|---|---|---|
| | | |

Amount of Compensation/VF/VAW benefits paid

$ _____ for _____ weeks from _____ to _____

*(Fill in A or B and appropriate items C, D and E below.)*

### A. FATAL CASES

1. Weekly wages _____

2. Schedule of dependents

| RELATIONSHIP | DATE OF BIRTH | ATTAINED AGE* | WEEKLY COMP |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*Attained age means nearest age at date of lump sum award.

### C. INTEREST ON APPEALED CASES

1. Appeal taken from award dated _____
2. Date of payment _____
3. Date Board affirmed WC Law Judge's decision _____
4. Date Board adopted court decision _____
5. Date appeal withdrawn _____
6. Remarks

### B. NON-FATAL CASES

1. Does claimant have spouse or children under 18? _____

   Claimant's attained age at date of lump sum award _____

2. Date of birth _____

   Award $ _____ weekly for _____ weeks

3. Nature of disability:

### D. TERMS OF LUMP SUM AWARD

1. Lump sum award dated _____

2. For $ _____ and (check one):
   ( ) for all future payments   ( ) payments suspended
   ( ) future compensation rate reduced   ( ) deducted from end of award
   ( ) other (specify)

| DISTRICT OFFICE | UNIT |
|---|---|
| DATE | BY |

**E. FOR THIRD PARTY CASES -- COMPLETE REVERSE SIDE**

**ACTUARY'S REPLY**

C-40 (3-01)

E. THIRD PARTY CASES

1. Gross recovery .................................................................................................$ _____

2. Amount reimbursed to carrier for:
    a. Benefits paid (from _____ to _____ )
    _____ weeks at $ _____ per week $_____
    b. Medical expenses     _____
    c. Funeral expenses     _____

    d. Total reimbursed to carrier     $_____

3. Attorney fees     _____

4. Other expenses (specify)     _____

5. Total (items 2d + 3 + 4)     $_____

6. Total net recovery (item 1 minus 5)     $_____

7. Dependent's share of net recovery in death cases.
(List each dependent and amount received)

    <u>Dependent</u>      <u>Share of Net Recovery</u>
          $

          _____
     Total    $_____
     (must equal item 6 above)

C-40 (3-01) Reverse

# EXHIBIT C

**State of New York**
**WORKERS' COMPENSATION BOARD**

**REQUEST FOR ACTUARIAL COMPUTATION**

Under, Sec. _____ (X) Workers' Compensation Law    ( ) Volunteer Firefighters' Benefit Law    ( ) Volunteer Ambulance Workers' Benefit Law

| WCB Case No. | Carrier Case Number | Carrier Code Number | Date of Accident/Injury | Date of Death |
|---|---|---|---|---|
| 60606483 | WC295-310453 | W124002 | 6/6/06 | |

| Claimant | Carrier | Employer |
|---|---|---|
| J J | Liberty Mutual Insurance Co | Hanson Building Materials |

Amount of Compensation/VF/VAW benefits paid: Plus 12 bi-weekly payments of $697.78, from 9/1/07 to 2/16/08.

$ 15,839.61    for 45.4    weeks, from 10/19/2006    to 09/01/2007 @ $348.89 per wk

(Fill in A or B and appropriate items C, D and E below)

**A. FATAL CASES**

1. Weekly wages _____
2. Schedule of dependents-

| RELATIONSHIP | DATE OF BIRTH | ATTAINED AGE | WEEKLY COMP. |
|---|---|---|---|
| PPD | | | 348.89 |

*Attained age means nearest age at date of lump sum award.

**C. INTEREST ON APPEALED CASES**

1. Appeal taken from award dated _____
2. Date of payment _____
3. Date Board affirmed WC Law Judge's decision _____
4. Date Board adopted court decision _____
5. Date appeal withdrawn _____
6. Remarks _____

**B. NON-FATAL CASES**

1. Does claimant have spouse, or children under 18? _____
   Claimant's attained age at date of lump sum award _____
2. Date of birth 3/11/1943 per C-4
   Awarded $ _____ weekly for _____ weeks.
3. Nature of disability: permanent partial disability

PV AS of 12/22/2008

**D. TERMS OF LUMP SUM AWARD**

1. Lump sum award dated _____
2. For $ _____ and (check one)
   ( ) for all future payments    ( ) payments suspended
   ( ) future compensation rate reduced    ( ) deducted from end of award
   (X) other (specify):
   Claimant classified as permanent partial disability at 66.6%. Please compute deposit into ATF.

| DISTRICT OFFICE | UNIT |
|---|---|
| Syracuse | 2 |

| DATE | BY |
|---|---|
| 9/7/07 | Lynda Wilkinson |

E. FOR THIRD PARTY CASES — COMPLETE REVERSE SIDE

**ACTUARY'S REPLY**    8/12/2008

The present value of the above award is $167,618.34 as of 12/22/2008 under Section 27 of the Workers' Compensation law for payment into the Aggregate Trust Fund assuming that compensation benefits have been paid to 12/22/2008.

Based on the above deposit the Aggregate Trust Fund will be liable only for payment of disability benefits to the claimant. If the claimant should die at any time after 12/22/2008 as a result of the original accident, an additional deposit onto the Aggregate Trust Fund will be required.

If the claimant's benefits are reduced at any time in the future, then upon our receipt of the award and request for recalculation by the Workers' Compensation Board, we will refund any calculated difference caused by the reduction from the original deposit.

However, if the claimant is entitled to an increase in benefits at any time in the future, then the carrier and not the Aggregate Trust Fund will be liable for any resulting increase in compensation benefits.

*Senior Actuary*

PS/gl

# EXHIBIT D

LexisNexis *Total Research System*

Switch Client | Preferences | Sign Out | ? Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Transactional Advisor

History |

Source: Legal > ... > NY Workers' Compensation Decisions, Combined
Terms: 69504297

✓Select for FOCUS™ or Delivery

*2005 NY Wrk. Comp. 69504297; 2005 NY Wrk. Comp. LEXIS 6356, \**

Walmart

6950 4297
Carrier ID No. - W150007

New York State Workers' Compensation Board

2005 NY Wrk. Comp. **69504297**; 2005 NY Wrk. Comp. LEXIS 6356

July 27, 2005

**CORE TERMS:** carrier, deposit, Workers' Compensation Law, discretionary, permanently, claimant

**PANEL:** [\*1] A. Edel Groski, Jeffrey R. Sweet, Robert M. Zinck

**OPINION:**
Date of Accident : January 28, 1995

Carrier : National Union Fire Ins. Co.

Carrier Case No. : 2FWAL94C7099
 RULING

The carrier, National Union Fire Insurance Co,/AIG Claim Services, Inc., requests review of the Workers' Compensation Law Judge's ("WCLJ's") decision filed on March 14, 2005, wherein the WCLJ made an award of compensation for the period from 4/14/04 to 3/9/05 at a rate of $146.00; directed the carrier to continue payments at a rate of $146.00; and directed the carrier to deposit the sum of $78,901.38 into the Aggregate Trust Fund.

The carrier, in an application filed on April 13, 2005, contends that the "direction to deposit $78,901.38 into the Aggregate Trust Fund was improper." The carrier states that the present case does not fall within the mandatory requirements for a deposit into the Aggregate Trust Fund. The carrier further states that this is a "discretionary-type" case and that there is no evidence in the record that the carrier is in any danger of being unable to meet its obligations. The carrier argues that "there was no offer of proof made to the Board that would justify a discretionary finding that a [\*2] deposit into the Aggregate Trust Fund was appropriate."

In a rebuttal dated May 12, 2005, the State Insurance Fund, on behalf of the Aggregate Trust Fund, contends that the decision "was a proper exercise of discretion." SIF states that "a showing that the carrier is in danger of being unable to meet its obligation" is not required for a discretionary deposit into the Aggregate Trust Fund.

Accident, notice and causal relationship were previously established for injuries to the back, right arm and neck sustained on January 28, 1995, and later amended to include consequential depression.

In a Notice of Decision filed on April 20, 1999, the claimant was classified as permanently partially disabled.

In a Notice of Decision filed on August 12, 2002, the claimant was found to be permanently totally disabled.

The Board Panel finds, upon a review of the entire record, that the carrier has not presented any grounds or circumstances that warrant rescission or modification of the decision. The carrier herein acknowledges that the Board has discretionary authority to direct a deposit into the Aggregate Trust Fund pursuant to Workers' Compensation Law 27(2). Upon a review of the record **[*3]** herein, the Board Panel finds that the WCLJ appropriately acted within the scope of discretion and directed a deposit into the Aggregate Trust Fund based upon the circumstances presented herein.

Accordingly, the Workers' Compensation Law Judge's decision filed on March 14, 2005 is affirmed. No further action is planned by the Board at this time.

All concur.

ADDRESSES

AIG Claim Services, Inc.
 Airport Park
 15 Cornell Drive - 2nd Floor
 Latham, NY 12110


Zimmerman Law Office
117 S State St
Syracuse, NY 13202-1103


Aggregate Trust Fund
c/o State Insurance Fund
199 Church Street, Main Floor
New York, NY 10007-1173


**Legal Topics:**

For related research and practice materials, see the following legal topics:
 Administrative Law > Agency Adjudication > Decisions > General Overview
 Labor & Employment Law > Collective Bargaining & Labor Relations > Discipline, Layoff & Termination
 Workers' Compensation & SSDI > Administrative Proceedings > Judicial Review > General Overview


 Source: Legal > / . / > **NY Workers' Compensation Decisions, Combined**
 Terms: **69504297**
  View: Full
Date/Time: Tuesday, August 26, 2008 - 11:23 AM EDT

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Transactional Advisor
History | Delivery Manager | Switch Client | Preferences | Sign Out | Help

 LexisNexis   About LexisNexis   Terms & Conditions   Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

https://www.lexis.com/research/retrieve?_m=d41f0018e604d580cd4a93329cdd52c9&_fmtstr=FU... 8/26/2008

LexisNexis® *Total Research System*                                    Switch Client | Preferences | Sign Out | ? Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Transactional Advisor     History |

Source: Legal > /... / > **NY Workers' Compensation Decisions, Combined**
Terms: **69804691**
✒Select for FOCUS™ or Delivery

*2007 NY Wrk. Comp. 69804691; 2007 NY Wrk. Comp. LEXIS 1096, \**

Greenpoint Senior Living, Inc.

6980 4691
Carrier ID No. - W076004

New York State Workers' Compensation Board

2007 NY Wrk. Comp. **69804691**; 2007 NY Wrk. Comp. LEXIS 1096

January 31, 2007

**CORE TERMS:** carrier, claimant, deposit, computation, present value, classified, permanent, actuarial, Workers' Compensation Law, total disability, totally disabled, death benefits, rescinded, accuracy, rebuttal, reopen

**PANEL:** [\*1] A. Edel Groski, Richard A. Bell, Frances Libous

**OPINION:**
Date of Accident : April 01, 1997

Carrier : Employers Ins. Co. of Wausau

Carrier Case No. : D64130255
    RULING

In an application filed March 15, 2006, the carrier's attorney requests review of the Workers' Compensation Law Judge ("WCLJ") decision filed on February 17, 2006. The carrier contends that the direction to deposit a sum into the Aggregate Trust Fund should be rescinded and the case restored to the trial calendar to consider evidence that the claimant is less than totally disabled. The carrier's attorney further notes that the present case does not fall within the mandatory requirements for a deposit into the Aggregate Trust Fund. The carrier further states that this is a "discretionary-type" case and that there is no evidence in the record that the carrier is in any danger of being unable to meet its obligations. The attorney argues that this finding prejudices the carrier because it can then no longer negotiate a section 32 agreement with the claimant. The attorney further argues that the Aggregate Trust Fund did not provide any actuarial computations to support the $253,784.42 sum and therefore the carrier is not able [\*2] to verify its accuracy. For these reasons the carrier's attorney further requests that the decision be rescinded and the issue of a deposit into the Aggregate Trust Fund be reconsidered by the Board.

In rebuttal, the claimant's attorney argues that the WCLJ's decision is supported in the record and should therefore be affirmed. The attorney notes that in a decision filed on March 5, 2003 and affirmed by Board Panel decision filed on August 5, 2003, the claimant was classified with a permanent total disability. The attorney points out that the carrier's claim that the claimant should not have been so classified based on a recent medical report from the carrier's consultant is moot at this time based on the WCLJ's subsequent preclusion of this report.

Also in rebuttal, the State Insurance Fund, on behalf of the Aggregate Trust Fund, contends that the decision "was a proper exercise of discretion." The attorney for the State Insurance Fund argues

that a showing that the carrier is in danger of being unable to meet its obligation is not required for a discretionary deposit into the Aggregate Trust Fund. The attorney further argues that the memo provided by the Aggregate Trust Fund's [*3] Senior Actuary, dated February 9, 2006 supports the WCLJ's finding of the present value of the claimant's future awards. The attorney further points out that if the carrier wished to raise the issue of the accuracy of the computation provided by the Aggregate Trust Fund, it should have provided its own actuarial computation.

In its relevant portions, WCL 27 (2) provides as follows:

"If an award under this chapter requires payment of death benefits or other compensation by an insurance carrier or employer in periodical payments, the board may, in its discretion, at any time, any provision of this chapter to the contrary notwithstanding, compute and permit or require to be paid into the aggregate trust fund an amount equal to the present value of all unpaid death benefits or other compensation in cases in which awards are made for total permanent or permanent partial disability for a period of one hundred and four weeks or more, for which liability exists, together with such additional sum as the board may deem necessary for a proportionate payment of expenses of administering the fund so created, including the cost of the actuarial computation by or on behalf of the board of the [*4] present value of the award ...[emphasis supplied.]"

This case was previously established accident, notice and causal relationship for injuries to the back, and later amended to include consequential depression. In a decision filed on March 5, 2003, the claimant was classified as permanently totally disabled. This decision was affirmed by Board Panel decision filed on August 5, 2003.

The Board Panel notes that to a great extent, the carrier's appeal of this decision is actually a very late appeal of the previous decisions of the WCLJ and the Board Panel which classified the claimant with a permanent total disability. This issue raised by the carrier has been determined by the Board and is not subject to further review at this time. The evidence presented by the carrier in support of its allegations that the claimant's disability is less than total is not germane to the issues determined by the WCLJ in the February 17, 2006 decision and will therefore not be considered by the Board at this time.

The Board Panel further notes that the carrier also filed an appeal dated April 28, 2006 in which the carrier objected to the WCLJ's April 12, 2006 decision in which the WCLJ refused to [*5] reopen the issue of the claimant's classification as requested by the carrier.

The Board Panel finds, upon a review of the entire record, that the carrier has not presented any grounds or circumstances that warrant rescission or modification of the decision to direct the carrier to make a deposit of a sum reflecting the present value of the claimant's future awards into the Aggregate Trust Fund. The carrier herein acknowledges that the Board has discretionary authority to direct a deposit into the Aggregate Trust Fund pursuant to Workers' Compensation Law 27(2). Upon a review of the record herein, the Board Panel finds that it is appropriate to direct the carrier to deposit into the Aggregate Trust Fund the present value of the claimant's future awards. The Board Panel further notes, upon review of the February 17, 2006 decision, that the WCLJ did not actually make a direction to the carrier to make this deposit. The decision rather notes the computation of the deposit, but fails to actually direct the carrier to act. The Board Panel notes that the computation set forth in the C-40 in the file is now dated and therefore the Aggregate Trust Fund is directed to produce an up to [*6] date C-40 to notify the carrier of the proper deposit at this time.

With respect to the appeal of the April 12, 2006 decision, the Board Panel finds that the WCLJ properly ruled that he did not have the discretion to reopen the case to consider the previous decision in which the claimant was classified with a permanent total disability. This decision was made final by the decisions of the WCLJ and the Board Panel filed on March 5, 2003 and August 5, 2003, respectively, and are not subject to further review by a WCLJ.

Accordingly, the Workers' Compensation Law Judge's decision filed on February 17, 2006 is modified to reflect that the carrier is directed to make a deposit into the Aggregate Trust Fund within thirty days of being presented with an updated C-40, with am memorandum outlining the actuarial computations from the Aggregate Trust Fund and is otherwise affirmed. The decision filed on April

12, 2006 is also affirmed. No further action is planned by the Board at this time.

All concur.

ADDRESSES

Employers Ins. Co. of Wausau
PO Box 4834
Syracuse, NY 13221-4834

Sugarman Law Firm, LLP
360 S. Warren St, 5th Fl
HSBC Center
Syracuse, NY 13202
[*7]

Aggregate Trust Fund
c/o State Insurance Fund
199 Church Street, Main Floor
New York, NY 10007-1173

**Legal Topics:**

For related research and practice materials, see the following legal topics:

Administrative Law > Agency Adjudication > Decisions > General Overview
Workers' Compensation & SSDI > Administrative Proceedings > Judicial Review > General Overview
Workers' Compensation & SSDI > Coverage > Employment Relationships > Governmental Employees

Source: Legal > /.../ > **NY Workers' Compensation Decisions, Combined**
Terms: **69804691**
View: Full
Date/Time: Tuesday, August 26, 2008 - 11:23 AM EDT

*My Lexis*™ | Search | Research Tasks | Get a Document | *Shepard's*® | Alerts | Transactional Advisor
History | Delivery Manager | Switch Client | Preferences | Sign Out | Help

 LexisNexis

About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

LexisNexis® Total Research System                        Switch Client | Preferences | Sign Out | ? Help
My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Transactional Advisor     History

Source: Legal > / . . > NY Workers' Compensation Decisions, Combined
Terms: 90305063

*2007 NY Wrk. Comp. 90305063; 2007 NY Wrk. Comp. LEXIS 4017, \**

Seneca Beverage Corp

9030 5063
Carrier ID No. - W166003

New York State Workers' Compensation Board

2007 NY Wrk. Comp. **90305063**; 2007 NY Wrk. Comp. LEXIS 4017

April 25, 2007

**CORE TERMS:** deposit, Workers' Compensation Law, self insured, carrier, insured, security deposit

**PANEL:** [\*1] Scott C. Firestone, Ellen O. Paprocki, Robert M. Zinck

**OPINION:**
Date of Accident : August 29, 2003

Carrier : Old Republic Insurance Co.

Carrier Case No. : 001529-001138-WC-01
   RULING

The carrier's attorney, in an application filed on November 28, 2006, requests review of the Workers' Compensation Law Judge's ("WCLJ's") decision filed on November 10, 2006, wherein the WCLJ directed the self insured employer to deposit the sum of $209,134.66 into the Aggregate Trust Fund.

In the appeal, the self insured employer's attorney contends that the direction to deposit the future value of this claim into the Aggregate Trust Fund should be rescinded. The attorney argues that the present case does not fall within the mandatory requirements for a deposit into the Aggregate Trust Fund. The carrier further argues that in this discretionary case, the financial security of the deposit to the Aggregate Trust Fund is duplicated by the financial security deposit already required by the law for self insured employers. The attorney argues that since there is no evidence in the record that the self insured employer is in any danger of being unable to meet its obligations, and since it has made a financial [\*2] security deposit to insure its future obligations, there is no reason to direct a deposit in this case.

The record does not contain a rebuttal to this application.

In a Notice of Decision filed on October 30, 2006, the claimant was found to be permanently totally disabled.

The Board Panel finds, upon a review of the entire record, that the self insured employer has not presented any grounds or circumstances that warrant rescission or modification of the decision. The self insured employer herein acknowledges that the Board has discretionary authority to direct a deposit into the Aggregate Trust Fund pursuant to Workers' Compensation Law 27(2). Upon a review of the record herein, the Board Panel finds that the WCLJ appropriately acted within the scope of discretion and directed a deposit into the Aggregate Trust Fund based upon the findings of a permanent total disability and based upon the actuarial computations provided by the Aggregate

Trust Fund.

Accordingly, the Workers' Compensation Law Judge's decision filed on November 10, 2006 is affirmed. No further action is planned by the Board at this time.

All concur.

ADDRESSES

Old Republic Insurance Co.
  Attn: Mr. Wright
 [*3]   PO Box 2200
  Greensberg, PA 15601-6922


Hutchison & Maio
315 Lake Street
Elmira, NY 14901-2804


**Legal Topics:**

For related research and practice materials, see the following legal topics:

   Workers' Compensation & SSDI > Administrative Proceedings > Hearings & Review
   Workers' Compensation & SSDI > Administrative Proceedings > Judicial Review > General Overview
   Workers' Compensation & SSDI > Coverage > Employment Relationships > Governmental Employees


   Source: Legal > / . . / > **NY Workers' Compensation Decisions, Combined**
   Terms: **90305063**
    View: Full
Date/Time: Tuesday, August 26, 2008 - 11:24 AM EDT


*My Lexis*™ | Search | Research Tasks | Get a Document | *Shepard's*® | Alerts | Transactional Advisor
History | Delivery Manager | Switch Client | Preferences | Sign Out | Help

 LexisNexis   About LexisNexis   Terms & Conditions   Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.