# EXHIBIT E

LexisNexis® Total Research System

Switch Client | Preferences | Sign Out | ? Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Transactional Advisor

Source: Legal > ... > NY Workers' Compensation Decisions, Combined
Terms: **40310041**
☞ Select for FOCUS™ or Delivery

2008 NY Wrk. Comp. 40310041; 2008 NY Wrk. Comp. LEXIS 4203, *

K-Mart Corporation

4031 0041
Carrier ID No. - W212252

New York State Workers' Compensation Board

2008 NY Wrk. Comp. **40310041**; 2008 NY Wrk. Comp. LEXIS 4203

May 07, 2008

**CORE TERMS:** carrier, trust fund, aggregate, deposit, Workers' Compensation Law, claimant, unpaid, settlement, partial disability, present value, amount equal, classification, computation, actuarial, permanent, lapsed

**PANEL:** [*1] Donna Ferrara, Karl A. Henry, Richard A. Bell

**OPINION:**
Date of Accident : September 12, 2003

Carrier : The Travelers Indemnity Co

Carrier Case No. : 022-CB-AMU-9245-J

RULING

The memorandum of Board Panel decision filed March 28, 2008 is modified to reflect that the case is subject to the provisions of Workers' Compensation Law 27(2), requiring an immediate calculation of the present day value of the unpaid award and a deposit of this amount in the aggregate trust fund.

The carrier's attorney, in an application filed October 8, 2007, requests review of that part of the Workers' Compensation Law Judge's decision filed September 7, 2007, which among other findings, directed the carrier to make a deposit into the aggregate trust fund. The carrier contends that the parties have expressed interest in a 32 settlement and these discussions are ongoing. The attorneys state that payment into the aggregate trust fund could affect the parties desire to enter into a 32 agreement and, therefore, the carrier requests that the direction to make such a deposit into the aggregate trust fund, be held in abeyance for a reasonable amount of time to allow the parties to negotiate a 32 agreement and possibly come [*2] to a settlement.

No rebuttal has been received from the State Insurance Fund, administrators of the aggregate trust fund, or the claimant's attorneys.

In a notice of decision filed September 7, 2007, the claimant was classified as having a permanent partial disability and compensation was awarded from November 4, 2006 to September 1, 2007 at $297.89 per week, with a direction that the carrier continue payments at $200.00 per week. The claimant's attorney was awarded a fee in the amount of $2,000.00 and the Workers' Compensation Law Judge directed the carrier, pursuant to 27, to deposit into the aggregate trust fund an amount equal to the present value of all unpaid benefits together with such additional sum as necessary for

the administration of such fund. Previously, the claim was established for work-related injuries of September 12, 2003 to the left shoulder and neck and the claimant's average weekly wage was fixed at $446.84.

WCL 27(2) concerns the depositing of future payments of an award into the aggregate trust fund. Until recently, insurance carriers that are a stock corporation or mutual association ("private carriers"), were required to make a deposit into the [*3] aggregate trust fund only in certain narrowly defined cases. Section 46 of Chapter 6 of the Laws of 2007 amended this section to expand those cases that require a deposit into the aggregate trust fund. The amendment requires all private carriers to deposit into the aggregate trust fund an amount equal to the present day value of the unpaid portion of the award for a permanent partial disability pursuant to Workers' Compensation Law 15(3)(w) that is made on or after July 1, 2007, along with an amount sufficient for the administration of the fund. Section 82 provides that section 46 shall take effect on July 11, 2007, "the one hundred twentieth day after this act shall have become a law."

The request made by the carrier's attorney for the postponement of the payment into the aggregate trust fund is denied. Pursuant to 32, a carrier is required to offer the claimant an opportunity to waive further benefits. This waiver offer must be made within two years from the date of accident or six months from the date of classification, whichever is later.

The carrier has been provided an opportunity to offer a settlement. To date, more than six months have lapsed since the classification and [*4] more than two years have lapsed since the date of accident. The Board has not received evidence that the parties have agreed to a 32 waiver. Therefore, the issue raised on appeal is moot. The Board Panel refers the case for an actuarial computation of the present value of the unpaid award and directs the carrier to pay this amount into the aggregate trust fund.

Accordingly, the Workers' Compensation Law Judge's decision filed September 7, 2007, is AFFIRMED. The case is marked no further action, after the case is referred for an up-to-date actuarial computation.

All concur.

ADDRESSES

The Travelers Indemnity Co

of America

PO Box 466

Albany, NY 12201-0466

Sherman, Federman, Sambur

& Levine LLP

1 East Main Street

Bay Shore, NY 11706

Aggregate Trust Fund

c/o State Insurance Fund

1 Watervliet Ave Ext, Unit 997

Albany, NY 12206

Source: Legal > / . . / > **NY Workers' Compensation Decisions, Combined**
Terms: **40310041**
View: Full
Date/Time: Tuesday, August 26, 2008 - 11:24 AM EDT

*My Lexis*™ | Search | Research Tasks | Get a Document | *Shepard's*® | Alerts | Transactional Advisor
History | Delivery Manager | Switch Client | Preferences | Sign Out | Help

LexisNexis

About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT F



**NYSIF**  New York State Insurance Fund

### INTEROFFICE MEMORANDUM

**To:** Business & Claims Managers-Statewide
**From:** Edward Hiller, Director of Claims
**Date:** July 23, 2007

## Claims Medical Bulletin # 2007-4
## New Claim Handling: Albany Claims Office
## Aggregate Trust Fund Section 32 Update*: Impact of WC Reform 2007

*New* **Aggregate Trust Fund (ATF) claims received on or after July 1, 2007 will be handled by the Albany Claims Office, Unit 997.**

**Existing ATF claims will continue to be handled by the NYC Division, Unit 999.**

**As of March 13, 2007, the ATF was authorized to enter settlement agreements under Section 32 (S32). However, the ATF is not required to make S32 offers. Further, the ATF is not required to refund to the depositing carrier any difference between the monetary amount of its deposit and the final settlement amount.**

For Section 32 settlements on claims deposited into the ATF, no settlement may exceed the amount for which NYSIF settles the indemnity portion of its own claims. At present, that amount is **5½ years of compensation payments on lifetime PPD claims**. The ATF has no comparable experience with capped PPD claims; this bulletin will be amended as experience with such claims becomes available as the workers' compensation reform goes into effect. An amount less than these figures may be offered should circumstances warrant. These amounts will be amended from time to time upon review of the relevant data.

All other policies and procedures outlined in the NYSIF Section 32 Manuals apply to ATF claims. The ATF shall provide to the funding carrier a minimum of 60 days advance notice prior to entering a settlement agreement. If the carrier makes a filing with the Board to seek modification of an award, the ATF shall not enter into a settlement agreement until the Board makes a final determination on such filing.

The ATF Manual will be updated to reflect these changes along with appropriate model S32 agreements reflecting $0 medical payment allocation, since the ATF is only responsible for payments of indemnity.

---

*This bulletin replaces 2001-9 with regard to S32 handling, but the portions on advances remain.