# EXHIBIT I

**Status Report of Board Decisions for ATF Deposits for PPD after 7/11/2007 – Liberty Mutual Cases**
(Decisions containing non-standard language)

| WCB # | Date of Injury | Date of PPD Classification / ATF Deposit | Date of Decision Directing Dollar Amt of Deposit into ATF | Amount of Deposit | Date carrier ends payment to the claimant and ATF begins | Status |
|---|---|---|---|---|---|---|
| 8950 2802 DH Case A | 8/8/91 | 7/21/08 Mandatory PPD Deposit | | | | WCL Judge held mandatory ATF deposit in abeyance to 12/1/08 pending outcome to Section 32 negotiations. |
| 9020 3988 JV Case B | 7/28/99 | 7/10/08 Mandatory PPD Deposit | 8/8/08 | $160,190.97 | 12/1/08 @ $331.95/wk | No appeal under WCL § 23 filed to date. |
| 7031 0521 AM Case C | 7/3/03 | 7/17/08 Mandatory PPD Deposit | 7/29/08 | $19,410.14 | 11/28/08 @ $24/wk | Appealed under WCL § 23 on issues of retroactive application, future benefits speculative, entitlement to relief under § 15(8). |
| 7031 1986 BL Case D | 10/8/02 | 11/15/07 Mandatory PPD Deposit | 5/9/08 | $219,814.48 | 8/9/08 @ $314.73 | Appealed under WCL § 23 on issues of retroactive application, future benefits speculative, entitlement to relief under § 15(8), and negotiating § 32 settlement. |
| 5031 6627 PS Case E | 11/25/03 | 11/26/07 Mandatory PPD Deposit | 4/14/08 | $100,574.63 | 9/12/08 @ $152.27/wk | No appeal under WCL § 23 filed to date. |

| 7050 8972 LT Case F | 9/16/05 | 6/2/08 | Mandatory PPD Deposit | 6/12/08 | $132,342.24 | 11/1/08 @ $190.29/wk | Appealed under WCL § 23 on issues of retroactive application, future benefits speculative, and entitlement to relief under § 15(8. |

# EXHIBIT J

**LexisNexis® Total Research System**

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Transactional Advisor

Source: Legal > /.../ > NY Workers' Compensation Decisions, Combined
Terms: **60606483**

*2008 NY Wrk. Comp. 60606483; 2008 NY Wrk. Comp. LEXIS 8056, \**

Hanson Building Materials

6060 6483
Carrier ID No. - W124002

New York State Workers' Compensation Board

2008 NY Wrk. Comp. **60606483**; 2008 NY Wrk. Comp. LEXIS 8056

August 05, 2008

**CORE TERMS:** carrier, deposit, permanent, claimant, Workers' Compensation Law, partial disability, trust fund, aggregate, mandatory, disablement, classified, disability, unpaid, amount equal, classification, maximum benefit, impairment, actuarial, uncapped, refund, capped, speculative, reimburse, indemnity, partial, maximum, specify, caps, substantially greater, statutory authority

**PANEL:** [*1] Donna Ferrara, Scott C. Firestone, Ellen O. Paprocki (dissent)

**OPINION:**
Date of Accident : June 06, 2006

Carrier : Liberty Mutual Insurance Co

Carrier Case No. : WC205-310453

RULING

In an application timely filed October 9, 2007, the carrier's attorney requests review of the Workers' Compensation Law Judge notice of decision filed September 7, 2007, which contained the findings made at a hearing held on August 31, 2007, when, among other things, the claimant was classified with a permanent partial disability and the carrier was directed to deposit into the aggregate trust fund an amount equal to the present day value of the unpaid award for the permanent partial disability.

The carrier's attorney requests the rescission of the direction for the carrier to make a deposit into the aggregate trust fund. The carrier's attorney contends that the legislature did not intend the provisions of Workers' Compensation Law 27(2) to be applied to an accident that occurred prior to March 13, 2007. Further, the carrier's attorney contends that the deposit should be held in abeyance pending resolution of the carrier's Workers' Compensation Law 15(8)(d) claim.

The claimant's attorney submitted a letter, indicating [*2] that the claimant takes no position regarding the application for review.

Workers' Compensation Law 27(2) concerns the depositing of future payments of an award into the aggregate trust fund. Until recently, insurance carriers that are a stock corporation or mutual association ("private carriers"), were required to make a deposit into the aggregate

trust fund only in certain narrowly defined cases. Section 46 of Chapter 6 of the Laws of 2007 amended this section to expand those cases that require a deposit into the aggregate trust fund. The amendment requires all private carriers to deposit into the aggregate trust fund an amount equal to the present day value of the unpaid portion of the award for a permanent partial disability pursuant to Workers' Compensation Law 15(3)(w) that is made on or after July 11, 2007, along with an amount sufficient for the administration of the fund. Section 82 provides that section 46 shall take effect on July 11, 2007, "the one hundred twentieth day after this act shall have become a law."

Workers' Compensation Law 15(3)(w), as amended March 13, 2007, provides the mechanism for awarding indemnity benefits to a claimant for a work-related injury [*3] that occurs on or after March 13, 2007 and that results in a permanent partial disability. Workers' Compensation Law 15(3)(w) provides a maximum number of benefit weeks that a permanently partially disabled claimant may collect. Prior to the amendment, there was no statutory limitation on the number of weeks that a claimant could collect. Claimants injured before March 13, 2007, who are classified with a permanent partial disability, are not subject to the maximum benefit weeks under the statute.

The carrier contends that the amendment to Workers' Compensation Law 27(2) applies only to an award for a permanent partial disability that is subject to a maximum number of weeks of indemnity benefits. In other words, it applies only to cases where the date of accident or date of disablement is on or after March 13, 2007. This contention is rejected by the Board.

The plain meaning of the statute is the effective date for the amended legislation pertaining to those aggregate trust fund deposits is the date that the award is made, not the date of accident or date of disablement that the award is based upon. Hence, the statute requires a private carrier to deposit an amount equal to the [*4] present day value of the unpaid portion of the award for a classification into the aggregate trust fund when the classification occurs on or after July 11, 2007, regardless of the date of accident or date of disablement. The applicable Insurance Department regulation 11 NYCRR 151-2.3 provides an effective date as follows: "This Subpart shall apply to all permanent partial disability awards made on or after July 1, 2007, and all death benefits awards made after December 31, 2000, as mandated by chapter 6 of the laws of 2007."

Therefore, the Board Panel finds that a carrier is required to deposit the present day value of the unpaid portion of the award for a permanent partial disability when the claimant is classified with a permanent partial disability on or after July 11, 2007, regardless of the date of accident or date of disablement.

The carrier's attorney contends that the carrier should not be required to make a deposit into the aggregate trust fund because the claim for reimbursement from the Special Disability Fund is pending. This contention is rejected by the Board Panel.

A deposit into the aggregate trust fund is not mandatory in cases where the Special Disability Fund is [*5] found by the Board to be liable to reimburse a carrier under the provisions of Workers' Compensation Law 15(8)(d). However, the Board maintains the discretion to direct a deposit in cases where the "carrier is found to be entitled to reimbursement from the special disability fund." In other words, the Board is permitted to direct a deposit into the aggregate trust fund, even if the Special Disability Fund is liable to reimburse the carrier (Matter of AJ Recycling Inc, 2005 NY Wrk. Comp. 00411626).

The carrier filed a C-250 form on October 13, 2006, alleging that the claimant has prior permanent impairments to the back, heart, hands, fingers, face, neck, arms, and lungs, as well as hernia, hypertension, appendicitis, congestive heart failure, and coronary artery disease. The Board's file does not contain sufficient medical evidence that the claimant's disability is materially and substantially greater due to the prior permanent impairment. Dr.

Bergeron, the carrier's consultant, examined the claimant on September 13, 2006, opining that the Workers' Compensation Law 15(8)(d) might apply to the case upon classification. However, the doctor's opinion is not sufficient because it [*6] is speculative and is not precise. Dr. Bergeron did not state that the work-related disability is materially and substantially greater due to the prior permanent impairments and did not state which of the prior permanent impairments is implicated.

At present, the carrier has not produced sufficient evidence in support of its Workers' Compensation Law 15(8)(d) claim, therefore, the Board Panel exercises its discretion to find that the carrier's deposit into the aggregate trust fund is not postponed. If the carrier is later determined to be entitled to request reimbursement from the Special Disability Fund, then, pursuant to Workers' Compensation Law 15(8)(g), the Special Disability Fund shall, upon application by the carrier, reimburse the carrier for any benefit paid beyond the two hundred sixty week retention period.

The Board Panel finds, upon review of the record, that the carrier is required to deposit into the aggregate trust fund an amount equal to the present day value of the unpaid award for the permanent partial disability. The case is referred for an up-to-date actuarial computation.

Accordingly, the notice of decision filed September 7, 2007 is AFFIRMED. The case is [*7] marked no further action, after it is referred for an up-to-date actuarial computation.

All concur.


DISSENT

I would find that no mandatory deposit is due, as the date of accident occurred prior to March 13, 2007, and as such I respectfully dissent.

In the 2007 amendments, under Workers' Compensation Law 27(2), permanent partial disability classifications under the amended Workers' Compensation Law 15(3)(w) were added to the list of long-term indemnity awards warranting a mandatory deposit by the carrier into the ATF.

Prior to the 2007 amendments, mandatory deposits were payable by private carriers for disabilities resulting in death, permanent total disability resulting from loss of both hands, arms, feet, legs, eyes, or any two thereof, and permanent partial disability resulting from a total loss of one of these body parts. The Board had the statutory authority to order a carrier to make a discretionary deposit in cases where a claimant was classified permanently partially disabled, other than 100% loss of use for a total loss of one limb. After the 2007 amendments, the Board retains discretionary authority to order deposits where 15(8) liability is found, and also against [*8] non-private carriers.

Under the amended Workers' Compensation Law 15(3)(w), the legislature set forth maximum benefit weeks in cases of classified permanent partial disability (PPD). The majority finds that "claimants injured before March 13, 2007 who are classified with a permanent partial disability are not subject to the maximum benefit weeks under the statute". Assuming for the sake of argument that that interpretation is correct, the statute does not address permanent partial disabilities with a date of accident prior to March 13, 2007. Workers' Compensation Law 15(3)(w), as amended, indicates that all permanent partial disabilities have maximum benefit week limitations (hereafter known as 'capped' cases), and does not provide specifically for those permanent partial disabilities with a date of accident prior to March 13, 2007. As 15(3)(w) is silent as to accidents occurring prior to March 13, 2007, I cannot make the determination that 27(2) which applies to payments of benefits pursuant to 15(3)(w) was intended to apply to

those cases which are not specifically included in amended 15(3)(w).

Despite the lack of statutory authority, the majority opinion would nonetheless [*9] impose a mandatory deposit for both pre-and post-March 13, 2007 accidents and disablements.

The legislature failed to specify that 27(2) applied to cases with dates of accident or disablement prior to March 13, 2007, when they could have easily done so. I read the absence of such specificity to indicate that the mandatory deposit does not apply to the earlier cases, but rather applies only to the cases specified by the amended 15(3)(W) (that is only capped PPDs).

Workers' Compensation Law 27(2) states that, with respect to PPDs there will be a mandatory deposit required where "... any such award made on or after July first, two thousand seven requires payment for permanent partial disability under 15(3)(w) ..."

The majority assumes that the mandatory deposit is to be calculated for pre-March 13, 2007 claimants based upon life expectancy (unlimited benefits). It can be argued with equal persuasiveness that the carrier should have to make the deposit based upon the caps, since they are required to make a deposit as required by 15(3)(w). Neither approach is actually spelled out in the statute. The majority position is based upon an assumption that whether 15(3)(w) specifies [*10] the measure of permanency or not, the carrier is presumed to have to make the mandatory deposit. I am not willing to make that assumption.

The inequitable impact of such an assumption is at least threefold. First, the present value of PPD payments for a claimant not subject to caps is based on life expectancy, and is therefore much larger than a claimant subject to caps. Second, after the mandatory deposit is made, if the ATF enters into a Section 32 agreement for an amount less than the deposit (which was based on lifetime expectancy), there is no refund to the carrier, per 27(8). Third, in a capped case, if the claimant dies prior to the end of the maximum number of benefit weeks, the carrier would receive a refund of the unexpended benefits, per 27(4). In an uncapped case, there is no refund available as 27(4) applies only to awards for a definite number of weeks, thereby creating an inherently unfair distinction between capped and uncapped cases.

Further, the calculation of uncapped benefits is inherently speculative. As the Court of Appeals noted in Matter of Burns v. Varreale, 9 NY3d 207 (2007):

... Claimant has an ongoing obligation to demonstrate [*11] his continued attachment to the labor market and how much he actually earns. However, as these variables cannot be reliably predicted, the rate and duration of benefits awarded by the Board may change from one period to the next. Thus ... the value of future compensation benefits is speculative.

In current uncapped PPDs, awards often fluctuate. If a claimant undergoes surgery, awards would be increased during the period of total disability and then re-determined post recovery. If non-capped claims are subject to the mandatory deposit, there would be the potential need for multiple actuarial recalculations thereby creating an undue administrative burden with additional costs and may create a delay in providing timely, accurate benefits to claimants.

The only way for a carrier to obtain a refund stems from Workers' Compensation Law 27(4), which specifies that if a Board order subsequently modifies the award "for any reason other than because of subsequent death or remarriage, the amount equal to the present value of the unpaid... compensation..." shall be either collected from the carrier (if modified upward) or refunded to the carrier (if modified downward), minus actuarial costs. [*12] The only way to pursue a downward modification would be for the carrier to actively engage in monitoring, with perhaps further IMEs, and litigation. Absent this, the carrier is denied any savings in the event of a reduction or cessation of compensation.

Had the legislature specified the interpretation endorsed by the majority, I would have no choice but to accept it. However, absent a clear indication of legislative intent in the issue upon review, I cannot endorse the majority's interpretation of the applicability of 27(2) on pre-March 13, 2007 cases. For the reasons stated above, I would hold that Workers' Compensation Law 27(2) mandatory deposits for Workers' Compensation Law 15(3)(w) classifications only apply to claimants with dates of accident or disablement on or after March 13, 2007.

ADDRESSES

Liberty Mutual Insurance Co

Attn: Central Hearing Unit

5015 Campuswood Dr, Ste 202

Syracuse, NY 13057



Daly & Pitts

Attorneys At Law

608 State Tower Bldg

Syracuse, NY 13202-1704



Special Funds Sec 15-8

5789 Widewaters Pkwy.

Syracuse, NY 13214-1855



Aggregate Trust Fund

c/o State Insurance Fund

1 Watervliet Ave Ext, Unit 997

Albany, NY 12206

Source: Legal > /.../ > **NY Workers' Compensation Decisions, Combined**
Terms: **60606483**
View: Full
Date/Time: Tuesday, August 26, 2008 - 11:36 AM EDT

*My Lexis*™ | Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Transactional Advisor
History | Delivery Manager | Switch Client | Preferences | Sign Out | Help

 About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.