**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **LIBERTY MUTUAL INSURANCE** | ) | |
| **COMPANY,** *et al.,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-CV-7192 (DC) |
| | ) | |
| **ROBERT H. HURLBUT,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DECLARATION OF JAMES HALL

I, James Hall, declare as follows:

1.      I am the claims manager of the Syracuse Business Markets office for plaintiff

Liberty Mutual Insurance Company ("Liberty Mutual"). I previously submitted a declaration in

support of plaintiffs' motion for a preliminary injunction. I make this declaration in response to

arguments made in defendants' memorandum in opposition to plaintiffs' motion and statements

made in declarations supporting that memorandum.

2.      Specifically, the declaration of Zachary S. Wiess, Chairman of the Workers'

Compensation Board ("WCB"), makes a number of assertions concerning workers'

compensation claims against Liberty Mutual that allegedly have been paid, are in the

adjudicative process before the WCB, or were subject to a discretionary decision by the WCB to

require a deposit. In order to respond, I reviewed information in my business unit on such claims

and deposits and also made inquiries to Liberty Mutual employees in other units who maintain

information on or have knowledge of claims and appeals of those claims in New York State.

Liberty Mutual has acquired other workers' compensation insurers formerly known as the

Wausau, Ohio Casualty, National, and Peerless companies. Those companies that write workers' compensation insurance in New York are plaintiffs. My inquires included these companies. This declaration summarizes the results of my review.

3.      If an injured worker makes a claim for compensation and a Liberty Mutual company disputes the claim for whatever reason (e.g., not a workplace injury, extent of injury, etc.), the claim is adjudicated by a workers' compensation judge. An adverse decision can be appealed by either party to the WCB and then to the Appellate Division of the Supreme Court. During the pendency of the adjudication and appeal to the WCB, the Liberty Mutual companies are not required to make a deposit with the Aggregate Trust Fund ("ATF"). It is only when the judge makes an award of compensation that is not appealed or when the WCB decides an appeal that a deposit is required.

4.      Appeals before the WCB are not proceedings in which the Board seeks to enforce the provisions of the Workers' Compensation Law challenged in this case. Rather, the proceedings are to adjudicate a dispute between the claimant and the insurer over whether the worker has a valid claim under the insurer's policy and, if so, what the value of that claim is. Where the award triggers the ATF deposit requirement, the WCB would take enforcement action only if the insurer subsequently refused to deposit the required amount.

5.      During the approximately one-year period while the New York legislature was considering repeal of the 2007 legislation that is challenged in this case, the WCB refrained from deciding appeals of awards on PPD claims affected by the amendments. The Liberty Mutual companies appealed all of those awards except the few referenced below and thus in such cases was not required to make any deposits. Subsequent to the failure of the repeal legislation, to my knowledge the WCB has decided only one appeal of a claim brought against a Liberty Mutual

company.  That decision is attached as Exhibit J to the Declaration of Zachary S. Weiss ("Weiss Decl.").

6.       Defendants contend that the WCB addressed constitutional challenges to the 2007 legislation in that case, Defendants' Memorandum of Law at 10, although Chairman Weiss does not make the same claim in his declaration.  See Weiss Decl. ¶ 66.  In fact, Liberty Mutual made no constitutional claims in its appeal and the WCB addressed no such claims in its decision.  A copy of Liberty Mutual's application for review by the WCB, which describes its legal arguments, is attached to this declaration as Exhibit 1.

7.       The WCB has ordered mandatory deposits into the ATF on 32 claims, and plaintiffs have made deposits on only four.  As described in my prior declaration and the declaration of Nancy Moore, one of the principal impacts of the 2007 legislation was to increase the insurer's losses by abrogating its contractual right to settle the claim for less than the asserted full value.  In all four cases, plaintiff chose not to appeal because the prospects of settlement were especially low, thus significantly reducing the harmful impact of the 2007 legislation as applied to those particular claims.

8.       In my experience, the WCB has rarely if ever exercised its discretion to require a deposit that is not mandatory.  Chairman Weiss identifies three cases in which the WCB ordered discretionary deposits in pre-2007 Amendment cases.  Weiss Decl. ¶ 28 and Exh. D.  Two involved self-insured employers rather than insurers such as Liberty Mutual.  The third involved plaintiff Employers Insurance Company of Wausau.  However, that case was not a permanent partial disability case that was previously subject to a discretionary deposit requirement but was made subject to a mandatory deposit by the 2007 Amendments.  Rather, it was a permanent total

disability case. See Weiss Decl. Exh. D. The 2007 Amendments did not alter the deposit requirements regarding permanent total disability cases.

9.    A review of all payments into the ATF made by plaintiffs since 1994 reveals that none were made on classified PPD claims pursuant to the discretionary authority of the WCB.


I declare under perjury that the foregoing is true and correct.

Executed on

                                                  _____
                                                          James Hall

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served upon the parties listed below by hand delivery and electronic mail on September 3, 2008, a true and correct copy of the annexed **Declaration of James Hall**.

/s Kimberlyn Brzozowski

Barbara K. Hathaway, Esq.
New York State Office of the Attorney General
120 Broadway
New York, NY 10271
barbara.hathaway@oag.state.ny.us

# EXHIBIT 1

STATE OF NEW YORK
WORKERS' COMPENSATION Board

| 100 Broadway Menands ALBANY 12241 | State Office Building 44 Hawley Street BINGHAMTON 13901 | 100 Lexington St BROOKLYN 11244 | Statler Tower Bldg 107 Delaware Avenue Buffalo, NY 14202 | 220 Rabro Drive Suite 100 HAPPAUGE 11788 | 175 Fulton Avenue HEMPSTEAD 11550 | 41 N Division Street PEEKSKILL 10566 | 130 Main Street W ROCHESTER 14614 | 935 James Street SYRACUSE 13203 |

COVER SHEET - APPLICATION FOR BOARD REVIEW
(Attach Brief or Letter)

| WCB Case Number(s) | Carrier Case Number(s) | Carrier Code | Date of Injury | Social Security Number |
|---|---|---|---|---|
| 60606483 | WC205-310463 | W124002 | 6/6/2006 | |

| | Name | Address |
|---|---|---|
| Claimant | JAMES JORDAN | 3636 CENTER ROAD MADISON, NY 13402 |
| Employer | HANSON BUILDING MATERIALS | 1780 ROUTE 12B ORISKANY FALLS, NY 13425 |
| Carrier | Liberty Mutual Insurance Company | 520 WHITE PLAINS ROAD TARRYTOWN, NY 10591 |
| Representative, If Any | DALY & PITTS | 608 STATE TOWER BUILDING SYRACUSE, NY 13202 |
| Other Parties, If Any | FALGE & McLEAN, PC Special Funds SECTION 15-8 | 3300 VICKERY RD., N. SYRACUSE, NY 13212 5789 WIDEWATERS PKWY.        SYRACUSE, NY 13214 |

1. Party making Application (Please Print):    HANSON BUILDING MATERIALS / LIBERTY

2. Filing Date:    09/07/07    [X] W.C. Law Judge Decision or    [ ] Board Panel Decision

3. This application is being made under the following law:

[X] Workers' Compensation Law    [ ] Disability Benefits Law    [ ] Volunteer Firefighters' Benefit Law    [ ] Volunteer Ambulance Workers' Compensation Benefit Law

4. Issues(s) for Review:

[ ] Accident    [ ] Jurisdiction    [ ] Period of Disability    [ ] Penalty (specify)

[ ] Notice    [ ] 15-8 Liability    [ ] Degree of Disability    [ ] Policy Coverage

[ ] Causal Relationship    [ ] 25-a Liability    [ ] Average Weekly Wage    [ ] Attorney/Licensed Representative Fee

[ ] Employer-Employee Relationship    [ ] Discrimination    [ ] Occupational Disease    [ ] Amount of Award for Serious Facial Disfigurement

[ ] Claim filing    [X] Other:  Aggregate Trust Fund DEPOSIT

5. Remedy sought by this application:    MODIFICATION - SEE ATTACHED

6. Do you want further development of the record?    [ ] Yes    [X] No    If "yes", what is the issue, and who are the witnesses that you wish to present?

PLEASE SEE ATTACHED  THANK YOU.

Note:    Where the claimant's representative requests an increase in fee, (s)he shall send copies of the application and attachments to the claimant and to the payor (employer, carrier, Special Funds, Unisured Employers' Fund, etc.).

| Signature: _Tracey A. McHean_ | Tele. No.: (315) 461-4277 | Date: 10/9/2007 |
|---|---|---|
| Signer's Name (Please Print): Tracey A. McLean, Esq. | [X] Attorney    [ ] | Licensed Representative (if applicable) |

TO THE APPLICANT: The original and any attachments should be SENT DIRECTLY to your local district office, listed above. A copy of this application and any attachments MUST be sent to ALL parties on the reverse side of this form.

TO ALL OTHER PARTIES: Rebuttals, if any, must be submitted within 30 days from the date of service of the Application for Review as indicated on the Affidavit of Affirmation of Service on the reverse side of this form.

AL RECLAMANTE:  El original de este aviso y sus apéndices TIENE que enviarse a TODAS las partes en el pleito.  Llene la Declaración aparece al tope de la página.  Copia de este escrito y sus apéndices TIENE que enviarse a TODAS las partes en el pleito.  Llene la Declaración Jurada o la Afirmación de Servicio que aparece al dorso de este formulario.

A TODAS LAS DEMAS PARTES:  Las refutaciones, de haberlas, deberan presentarse en el plazo de 30 días contados a partir de la fecha de notificación de la Solicitud de Revisión, según se indica en la Afirmación Jurada o en la Afirmación de Servicio que aparece al dorso de este formulario.

RECEIVED
OCT 09 2007
WORKERS' COMPENSATION BOARD
SYRACUSE, NEW YORK

RULE 13[12 NYCRR 300.13].  Application for review:

(b) An application to the Board to review a decision of a Workers' Compensation Law Judge shall be in writing and shall be accompanied by a cover sheet form prescribed by the Board, and shall specify the issues and grounds for such review. The application must make reference to the record below or such part thereof as is relevant to the issues and grounds raised in such application and indicate when and where they were raised before the Workers' Compensation Law Judge.  Such application shall be filed with the Board within 30 days after notice of filing of the decision of the Workers' Compensation Law Judge together with proof of service upon all other parties in interest.  Such proof of service shall consist of a United States Postal Service certificate of mailing by registered or certified or first class mail or affidavit or affirmation of personal service, or other satisfactory proof of service.  For purposes of this section, an application is deemed filed with the Board on the date of actual receipt of such application by the Board.
RB-89(2-00)

(b) A rebuttal to an application for review shall be in writing and shall be accompanied by a cover sheet form prescribed by the chair.  Such rebuttal shall be served upon the board within 30 days after service of the application for review upon the party making such rebuttal, together with proof of service upon all other parties in interest.  Such proof of service shall consist of a United States Postal Service certificate of mailing by registered or certified or first class mail, an affidavit or affirmation of service by mail or affidavit or affirmation of personal service, or other satisfactory proof of service.

(c)  A claimant who is not represented by an attorney or licensed representative will not be required to use the cover sheet forms prescribed by the chair as set forth in subdivisions (a) and (b) of this section, but shall be required to comply with all other provisions of this section.

(d) The board file shall contain a copy of all stenographic minutes of hearings where the issue or issues raised in the application for review were covered, and the file shall only be considered by a board panel after the minutes covering the disputed issues are inserted in the file.  The review bureau shall promptly make arrangements for the transcription of all minutes not heretofore inserted in the file, as set forth above, and such minutes shall be inserted in the file.

(e) (1) The board panel may deny review:

(i) where the complete application for review, including the prescribed cover sheet form if required, was not timely filed with the board or served upon the parties in interest within the 30-day period set forth in subdivision (a) of this section; or

(ii) where the application failed to specify issues or grounds for review; or

(iii) of any issues raised in the application that were not raised before the Workers' Compensation Law Judge.

(2) The board panel may refuse to consider any application or supplementary argument filed with the board after the 30-day period set forth in subdivision (a) of this section.  The board panel may refuse to consider a rebuttal to an application for review where the complete rebuttal, including the prescribed cover sheet form if required, was not timely served within the 30-day period set forth in subdivision (b) of this section.

(f) The board shall either act upon an application for review without further hearing or direct that a hearing be held before the board for argument on the application.  Upon such review and upon the evidence in the record before the Workers' Compensation Law Judge, the board panel may affirm, modify, reverse or rescind any decision or award as the law and the facts may require, or take any other action as may be in the interest of justice.

(g) If the application for review offers new and additional evidence that was not in the record before the Workers' Compensation Law Judge, it must state reasons showing that such evidence could not have been presented to the Workers' Compensation Law Judge or could not have been produced as directed by the Workers' Compensation Law Judge.  The board panel, in its discretion, may accept such evidence or may deny review and refuse to consider such new or additional evidence if it finds that such evidence could and should have been presented to the Workers' Compensation Law Judge.

### RULE 15 [12 NYCRR 300.15]. Notice of application for review or rehearing:

(a) When application is made by the employer, carrier or special fund for further consideration of a claim under sections 300.13 and 300.14 of this Part, the applicant shall on the same day mail notice thereof together with a copy of the application to the claimant or to his or her attorney or licensed representative, if any.  The notice shall be on a form approved by the chair.

(b) Where the claimant makes such application and is represented by an attorney or licensed representative, such attorney or licensed representative shall on the same day mail a copy of the application to the employer, carrier or special fund.  When the claimant makes such application and is not represented by an attorney or licensed representative, the board, upon receipt of such application, shall mail a copy of the application to the employer, carrier, or special fund.

(c) An attorney or licensed representative who files an application for review or rehearing or reconsideration of an award of fees granted by a Workers' Compensation Law Judge or by the board, shall on the same day mail to or personally serve upon, the claimant a copy of such application to the claimant, and shall submit to the board proof of service upon the claimant by affidavit or affirmation.

(d) The board may refuse to entertain an application for review or rehearing unless such application is accompanied by a statement that a copy of such application was mailed in compliance with this section.

---

**AFFIRMATION OF SERVICE**

STATE OF NEW YORK, COUNTY OF _____ ss:  I, the undersigned, am an attorney admitted to practice in the courts of New York State, and on _____, I served a true copy of this form and attachments in the following manner (check one):

_____Date_____

Service by ☐    By mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the
Mail             State of New York, addressed to the last known address of the addressee(s) as indicated below:

Personal ☐    By delivering the same personally to the persons and at the addresses indicated below:
Service

*[signature]*

I affirm that the foregoing statements are true under penalties of perjury.

_____
Signature

Dated: _____

_____
Signer's Name (Please Print)

STATE OF NEW YORK, COUNTY OF _____ ss:

AFFIDAVIT OF SERVICE

_____ being sworn says:  I am over 18 years of age and on _____, I served a true copy of this form
and attachments in the following manner (check one):                                                    _____Date_____

Service by ☐    By mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the
Mail             State of New York, addressed to the last known address of the addressee(s) as indicated below:

Personal ☐    By delivering the same personally to the persons and at the addresses indicated
Service          below:

Sworn to before me on _____          _____
_____Date_____                                    Signature

_____          _____
Notary Public                                    Signer's Name (Please Print)

RB-89 (9-05)

# FALGE & McLEAN, P.C.
## A T T O R N E Y S   A T   L A W

DANIEL J. FALGE

TRACEY A. McLEAN

JOHN I. HVOZDA

JASON L. CASSIDY

3300 VICKERY ROAD • NORTH SYRACUSE, NEW YORK 13212
PHONE (315) 461-4277 • FACSIMILE (315) 461-4298
HTTP://WWW.NYCOMP.COM

ALEX J. ABDO
ALSO ADMITTED IN FL

MICHELLE H. CAPPA REARDON

DEAN C. LaCLAIR
ALSO ADMITTED IN NJ

NANCY J. CHRISTY
OF COUNSEL

October 9 2007

Appeals Unit
Workers' Compensation Board
935 James Street
Syracuse, NY 13203

**APPLICATION FOR BOARD REVIEW**

Re:  James Jordan  vs.
       Hanson Building Materials
"Carrier":  Liberty Mutual Insurance Co.
WCB#:  60606483
CC#:  WC205-310453
D/A:  06/06/2006

Honorable Members of the Board:

       The undersigned appears herewith on behalf of the employer, Hanson Building Materials, and its Workers' Compensation Insurance Carrier, Liberty Mutual Insurance Co. [hereinafter collectively referred to as "carrier"].

       On behalf of the employer and carrier, we respectfully object to direction for a deposit into the Aggregate Trust Fund (ATF) made at a hearing held on 8/31/2007, and memorialized in the Notice of Decision duly filed 09/07/2007.

       In pertinent part, the Notice of Decision, after finding the claimant was permanently partially disabled because of his work-related injury, made the following directive:

> *"Pursuant to Workers' Compensation Law Section 27, the carrier is directed to deposit into the Aggregate Trust Fund and amount equal to the present value of all unpaid benefits together with such additional sum as is necessary for the*

James Jordan vs. Hanson Building Materials (Liberty)
Application for Board Review
WCB#:  60606483
Page 2 of 10
October 9, 2007

> administration of such fund.  A supplemental decision will follow which will detail
> the amount of the deposit."  (See Exhibit A.)

It is from that finding and direction that the carrier now files this Application for Board Review.  It is respectfully submitted that it is erroneous as a matter of law and fact to direct an Aggregate Trust Fund deposit relative to this 06/06/2006 claim.

As such, it is respectfully submitted that the Notice of Decision duly filed 09/07/2007 be modified to rescind that portion of the Decision that directs the deposit into the Aggregate Trust Fund.[1]

## OUTSTANDING ISSUE

Whether it was erroneous for the Workers' Compensation Law Judge to direct the carrier to make a deposit into the Aggregate Trust Fund following a permanent *partial* disability classification finding in a 2006 workers' compensation claim that predated the amendments made pursuant to 2007 Workers' Compensation Law reform, especially when considering that the carrier had a pending 15-8 claim.

## REQUESTED FINDING

RESCIND that portion of the Notice of Decision which directs a deposit into the Aggregate Trust Fund for a permanent partial disability, insofar as such direction relative to a 1996 claim is erroneous as a matter of law.

## BRIEF BACKGROUND OF CLAIM

This claim has previously been established for an injury involving the low back with a date

---

[1] Additionally, this Application for Board Review is filed on October 9, 2007, insofar as October 7, 2007 (30 days from the Notice of Decision) was a Sunday, and Monday, October 8, 2007 is Columbus Day, and the Worker's Compensation Board was closed. Thus, the Application for Board Review is filed on the first business day following the due date.

James Jordan vs. Hanson Building Materials (Liberty)
Application for Board Review
WCB#: 60606483
Page 3 of 10
October 9, 2007

of accident of 06/06/2006. The average weekly wage has been set at $785.00.

At a hearing held on 8/31/07, the case came on the calendar to address the issue of period and extent of disability. The parties ultimately agreed to a resolution of that issue, and stipulated to classify the claimant as permanently partially disabled, moderate-marked (66.66%) in degree.

Thereafter, the Workers' Compensation Law Judge directed a deposit be made into the Aggregate Trust Fund as a result of this permanent partial classification finding. (Upon information and belief, this direction was made pursuant to a specific directive given to the Judges by other individuals in supervisory capacities as a result of the 2007 Worker's Compensation "reform".)

The parties stipulated to each of the other findings made at that hearing but the carrier's representative expressly noted an exception to the directive regarding the deposit into the Aggregate Trust Fund. It is from that direction that the carrier now files this Application for Board Review.

## LEGAL ARGUMENT

**POINT 1:** THE WCLJ ERRED IN DIRECTING THE CARRIER TO MAKE AN ATF DEPOSIT INSOFAR AS SUCH A DIRECTION IS NEITHER INTENDED NOR AUTHORIZED BY THE STATUTE.

It is respectfully submitted that the Workers' Compensation Law Judge's direction for the carrier to file a deposit into the Aggregate Trust Fund for permanent partial disability classification relative to a claim with a date of accident of 06/06/2006, was erroneous as a matter of law and fact, and is not authorized by the Worker's Compensation Law, as amended by the 2007 Worker's Compensation Reform Act.

For the reasons set forth herein, it is respectfully submitted that the direction for an Aggregate Trust Fund deposit for a permanent partial disability in a claim that predates March 13, 2007 (the effective date) should be rescinded in its entirety.

Certainly, it does appear that this is a case of "first impression" for the Honorable Members of the Board to address, insofar as the directive regarding the Aggregate Trust Fund deposits for

permanent **partial** disability classifications only arose as a result of the 2007 "Reform." Unfortunately, the legislative intent and/or contents of the debates relative to the implementation of these provisions are either unavailable or non-existent for purposes of assisting in this discussion and analysis.

As a result, there is little choice but to rely upon the precise wording of the statute as it existed prior to March 13, 2007, and subsequent to March 13, 2007, in interpreting the intent of the amendments. In addition to reviewing the changes to the verbiage of those portions of the statute amended, the "effective date" of those changes is pivotal.

- EFFECTIVE DATE OF PROVISIONS:

The first Section considered in this discussion is Section 82 of the Act, as that is key in determining the effective dates of the various provisions.

Section 82 of the Act dictates that the Act shall take effect "immediately" with certain provisos, and then staggers the implementation of the various Amendments. Specifically, Section 82 (a) provides that Section 4 of the Act shall apply "to accidents and dates of disablement which **occur on or after such effective date.**"

Section 4 of the Act, as more thoroughly discussed below, amends paragraph 'w' of Subdivision 3 of Section 15 of the Workers' Compensation Law. Section 15, subdivision 3, as will also be discussed below, relates to permanent partial disabilities.

The "**effective date**" as referenced in Section 82, above, **is March 13, 2007,** the date the bill was signed into law. Thus, it follows that **Section 4 of the Act, and its changes to Section 15 of the Law, applies to accidents or dates of disablement which occur after March 13, 2007.**

This is critical to note, especially insofar as the date of accident in the case at bar is **June 6, 2006 – prior** to the effective date. Thus, this accident is not subject to those provisions relative to

James Jordan vs. Hanson Building Materials (Liberty)
Application for Board Review
WCB#:  60606483
Page 5 of 10
October 9, 2007

the ATF deposit.

- PERMANENT PARTIAL DISABILITIES PRE-REFORM AND POST-REFORM:

Section 15 is entitled "*Schedule in case of disability.*" The title of Section 15 remained the same subsequent to the 2007 Reform. This section contains a plethora of directives relating to issues of disability, including the schedule of compensation established for permanent total disability (Section 15, subdivision 1), temporary total disability (Section 15 subdivision 2) and permanent partial disability (Section 15 subdivision 3).

The Section most pertinent for the matter before the Honorable Members of the Bar, namely, Section 15, subdivision 3, is critical to the discussion in this Application for Board Review. Section 15 subdivision 3, sets forth the method of payment for permanent partial disabilities in paragraphs 'a'-'w.'

Paragraph 'w' is entitled "*Other cases.*"  As referenced above, Section 4 of the Act specifically amends paragraph 'w' of Subdivision 3 of Section 15 of the Workers' Compensation Law. Paragraph 'w,' post amendment, reads as follows:

> *"w. Other cases. In all other cases of permanent partial disability, the compensation shall be sixty-six and two-thirds percent of the difference between the injured employee's average weekly wages and his or her wage-earning capacity thereafter in the same employment or otherwise. Compensation under this paragraph shall be payable during the continuance of such permanent partial disability, but subject to reconsideration of the degree of such impairment by the board on its own motion or upon application of any party in interest however, all compensation payable under this paragraph shall not exceed (i) five hundred twenty-five weeks in cases in which the loss of wage-earning capacity is greater than ninety-five percent; (ii) five hundred weeks in cases in which the loss of wage-earning capacity is greater than ninety percent but not more than ninety- five percent; (iii) four hundred seventy-five weeks in cases in which the loss of wage-earning capacity is greater than eighty-five percent but not more than ninety percent; (iv) four hundred fifty weeks in cases in which the loss of wage-earning capacity is greater than eighty percent but not more than eighty-five percent; (v) four hundred twenty-five weeks in cases in which the loss of wage-earning capacity is greater than seventy-five percent but not more than eighty percent; (vi) four hundred weeks in cases in which the loss of wage-earning capacity is greater than seventy percent but not more than seventy-five percent; (vii) three hundred seventy-five weeks in cases in which the loss of wage-earning capacity is greater than sixty percent but not more than seventy percent; (viii) three*

James Jordan vs. Hanson Building Materials (Liberty)
Application for Board Review
WCB#: 60606483
Page 6 of 10
October 9, 2007

*hundred fifty weeks in cases in which the loss of wage-earning capacity is greater than fifty percent but not more than sixty percent; (ix) three hundred weeks in cases in which the loss of wage-earning capacity is greater than forty percent but not more than fifty percent; (x) two hundred seventy-five weeks in cases in which the loss of wage-earning capacity is greater than thirty percent but not more than forty percent; (xi) two hundred fifty weeks in cases in which the loss of wage-earning capacity is greater than fifteen percent but not more than thirty percent; and (xii) two hundred twenty-five weeks in cases in which the loss of wage-earning capacity is fifteen percent or less. For those claimants classified as permanently partially disabled who no longer receive indemnity payments because they have surpassed their number of maximum benefit weeks, the following provisions will apply:*

*(1) There will be a presumption that medical services shall continue notwithstanding the completion of the time period for compensation set forth in this section and the burden of going forward and the burden of proof will lie with the carrier, self-insured employer or state insurance fund in any application before the board to discontinue or suspend such services. Medical services will continue during the pendency of any such application and any appeals thereto.*

*(2) The board is directed to promulgate regulations that establish an independent review and appeal by an outside agent or entity of the board's choosing of any administrative law judge's determination to discontinue or suspend medical services before a final determination of the board.*

It is respectfully submitted that a review of that Section supports the carrier's position that a deposit into the ATF is **NOT** required for a permanent <u>partial</u> disability relating for accidents or occupational diseases that <u>**PRE-DATE**</u> the "effective date" (March 13, 2007) of the Act.

Indeed, the entire paragraph implements those provisions that are clearly NOT effective until AFTER the effective date of the Law, and indeed, references regulations, agencies and entities not yet even in existence. The balance of the amendment to paragraph 'w' addresses those permanent partial disabilities that are subject to "caps." The caps, as the Board is aware, is another amendment to the Law related solely to accidents or dates of disablements occurring AFTER the effective date, and does NOT apply those accidents or dates of disablement occurring PRIOR to the effective date.

The pertinent part of that paragraph is shown below, with the pre-2007 language and post-2007 language included – specifically as it relates to the use of the phrase "permanent partial disability":

T

James Jordan vs. Hanson Building Materials (Liberty)
Application for Board Review
WCB#:  60606483
Page 7 of 10
October 9, 2007

> " *w. Other cases. In all other cases (~~in this class~~) of __permanent partial__
> __disability__, the compensation shall be sixty-six and two-thirds (~~per centum~~)*
> *__percent__ of the difference between (~~his~~) __the injured employee's__ average weekly*
> *wage and his __or her__ wage-earning capacity thereafter in the same*
> *employment or otherwise (~~;~~)."*  (emphasis supplied)

It should be noted that pre-2007 paragraph "*w*" started with the phrase "*In all other cases in*
*this class of disability....*" (emphasis supplied).  It is respectfully submitted that the "*class of*
*disability*" referenced is a **permanent partial disability**, insofar as that is the disability addressed in
subdivision 3 of paragraph 15. The Act amended paragraph '*w*' by deleting the phrase "*in this class*"
and replaced it with the phrase "*permanent partial*."

Again, Section 4 of the Act, pursuant to Section 82(a) of the Act, was effective as of March
13, 2007, and amended Section 15, subdivision 3, paragraph '*w*' of the Law. Thus, the intentional
use of the phrase "permanent partial disability", combined with the clear effective date, and the
balance of the contents of paragraph '*w*', support the carrier's position relative to applicability of the
directive relative the ATF deposit.

A review of Section 46 of the Act shows that it amends Section 27, subdivision 2 of the
Workers' Compensation Law.  The amendment directs the following mandatory payment into the
Aggregate Trust Fund:  "any...award made on or after July first, two thousand seven requires
payment for **permanent partial disability** under paragraph '*w*' of subdivision '**three**' of section
'**fifteen**' of this article by an insurance carrier which is a stock corporation or mutual association..."

The amendment to Section 27, subdivision 2 addresses payments for 'permanent partial
disability' as added to Section 15, subdivision 3, paragraph '*w*' effective March 13, 2007.

Therefore, it is respectfully submitted the "permanent partial disability" referenced in Section
27 subdivision 2, is the same as the "permanent partial disability" as set forth in paragraph '*w*', as
**amended**.

It does NOT, therefore, apply to those permanent partial disabilities referenced in paragraph
'*w*' as it existed **prior** to March 13, 2007 (i.e. "in all other cases in this class of disability...").

James Jordan vs. Hanson Building Materials (Liberty)
Application for Board Review
WCB#: 60606483
Page 8 of 10
October 9, 2007

As such, it is clear from the verbiage contained in the statute, and distinguished between the pre- and post-reform language, that the only payment by a private carrier into the Aggregate Trust Fund for a classification of permanent partial disability *is for permanent partial disabilities arising out of dates of accidents occurring on or after March 13, 2007, the effective date of the Act.*

Thus, the WCLJ erred in directing the ATF deposit in this case insofar as the language of the statute neither intends nor provides for such a direction.

**POINT 2:** THE WCLJ ERRED IN DIRECTING THE CARRIER TO MAKE AN ATF DEPOSIT INSOFAR AS AN APPLICATION FOR 15-8 WAS PENDING AT THE TIME OF THE CLASSIFICATION.

It is respectfully submitted that a direction for a deposit into the ATF when an application for 15-8 is pending is erroneous as a matter of law, and thus, the direction should be rescinded as a matter of law.

In this case, a timely C-250 has been filed alleging various prior permanent impairments, and the carrier continues to pursue and perfect its evidence to secure reimbursement from the Special Funds Conservation Committee pursuant to Section 15-8 of the Worker's Compensation Law.

A review of Section 27 (2), shows that the verbiage contained therein, as it relates to Special Funds' involvement relative to reimbursement and its impact on an ATF deposit, did not change after the 2007 "Reform":

> Workers' Compensation Law §27(2) provides in pertinent part: *"If an award under this chapter requires payment of death benefits ...the board may, in its discretion at any time ...compute and permit or require to be paid into the aggregate trust fund an amount equal to the present value of all unpaid death benefits, ...for which liability exists, together with such additional sum as the board may deem necessary for a proportionate payment of expenses of administering the funds so created, including the cost of the actuarial computation by or on behalf of the board of the present value of the award, and for purposes of this section such cases shall be known as discretionary type cases. If any such award made on or after July first, nineteen hundred thirty-five, requires payment for total permanent disability resulting from ...death benefits by an insurance carrier which is a stock corporation or mutual association, which for the purpose of this section shall be know as*

James Jordan vs. Hanson Building Materials (Liberty)
Application for Board Review
WCB#: 60606483
Page 9 of 10
October 9, 2007

> mandatory type cases, the board shall immediately compute the present value thereof and require payment of such amount into the aggregate trust fund, together with such additional sum as the board may deem necessary for a proportionate payment of expenses of administering such trust fund including the cost of the actuarial computation by or on behalf of the board of the present value of the award provided, **however, that where an employer or his insurance carrier is found to be entitled to reimbursement from the special disability fund of subdivision eight of section fifteen, the computation of the present value of the award and the requirement for payment of such amount into the said trust fund shall not be mandatory** and such cases shall be deemed to be discretionary type cases ..."

In that regard, insofar as the language has not changed, neither should the implementation or interpretation of the statute.

The Board has previously addressed that issue as recently as July of 2006. In the *Matter of Saunders Concrete,* reported at 2006 WL 2106605, case no. 90505294, decided July 17, 2006. In that case, the Board Panel rescinded that portion of the WCLJ's decision that directed a deposit into the ATF when the carrier's application for 15-8 reimbursement pending. The same finding was made in the Matter of Lander Company, Inc., reported at 2004 WL 1326978, case number 90300319, decided June 10, 2004.

As such, notwithstanding Point 1, above, the WCLJ's direction for the carrier to make a deposit into the ATF should be rescinded, and held in abeyance pending the resolution of the carrier's application for reimbursement under Section 15-8.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that the statutory language does not in fact direct or authorize a deposit into the Aggregate Trust Fund for a permanent partial disability for accidents or dates of disablement occurring prior to March 13, 2007, especially in situations where there is pending application for 15-8 reimbursement. With that in mind, it is respectfully submitted that it was therefore erroneous as a matter of law and fact for the Workers' Compensation Law Judge

James Jordan vs. Hanson Building Materials (Liberty)
Application for Board Review
WCB#: 60606483
Page 10 of 10
October 9, 2007

to make the direction into the Aggregate Trust Fund as referenced in the Notice of Decision duly

filed 8/20/07.  As such, that direction should be rescinded in its entirety.

Respectfully submitted
Falge & McLean, PC

By      *Tracey M. McLean*

Tracey A. McLean, Esq.

/TAM

CC:    James Jordan
       Hanson Building Materials
       Liberty Mutual Insurance Company
       Daly & Pitts
       Special Funds Section 15-8

STATE OF NEW YORK                          Page 1 of 2 Affidavit of Service
WORKERS' COMPENSATION BOARD
_____

**JAMES JORDAN**

                    Claimant,

    -vs-

**HANSON BUILDING MATERIALS**              **AFFIDAVIT OF SERVICE**

                    Employer/Carrier,

WCB Case No.: 60606483

_____

STATE OF NEW YORK)
COUNTY OF ONONDAGA) ss:

Kristin M. Mayfield        , being duly sworn, deposes and says that she is over the age of twenty-one
years and am not an interested party in the herein matter.

That on day   9   in the month of  October       year 2007,  I mailed one true copy of the herein
Application for Board Review to the following named parties:

JAMES JORDAN
3636 CENTER ROAD
MADISON, NY 13402

HANSON BUILDING MATERIALS
1780 ROUTE 12B
ORISKANY FALLS, NY 13425

Liberty Mutual Insurance Company
520 WHITE PLAINS ROAD
TARRYTOWN, NY 10591

DALY & PITTS
608 STATE TOWER BUILDING
SYRACUSE, NY 13202

Special Funds SECTION 15-8
5789 WIDEWATERS PKWY.
SYRACUSE, NY 13214

by depositing said true copy of the Application for Board Review in the mailbox provided by the United States Postal Service in Syracuse, New York, directed to the above parties at the address listed for each, and bearing sufficient postage for delivery of same, and by delivering the same personally to the persons at the addresses indicated below:

Workers' Compensation Board
935 James Street
Syracuse, NY 13201

Kristin M. Mayfield

Sworn to before me on
    October    9    , 2007

Notary Public

Nancy D. Hoskins
Notary Public, State of New York
Qualified in Onon. Co. No. 01HO6035165
My Commission expires 12\12\09

Page 2 of 2 Affidavit of Service

16539121



**Donna Ferrara**
**Chair**

STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
935 JAMES STREET
SYRACUSE, NY  13203
*www.wcb.state.ny.us*
(866) 802-3730

## State of New York - Workers' Compensation Board

## In regard to James Jordan, WCB Case #6060 6483

### NOTICE OF DECISION
*keep for your records*

At the Workers' Compensation hearing held on 08/31/2007 involving the claim of James Jordan at the Syracuse hearing location, Judge Susan Finkelstein made the following decision, findings and directions:

AWARD : The employer or insurance carrier is directed to pay the following awards, <u>less payments already made</u> by the employer or carrier, for the periods indicated below, unless employer or carrier files an appeal within 30 days after the date on which the decision was duly filed and served.

| weeks | for disability over a period of from | to | at rate per week | the sum of |
|---|---|---|---|---|
| 45.4 | 10/19/2006 | 9/1/2007 | $348.89 | $15,839.61 |

Carrier to continue payments at $348.89.

FEES:

As lien on above award payable by separate check by carrier TO CLAIMANT'S REPRESENTATIVE OR ATTORNEY:

| Sum of | To |
|---|---|
| $3,200.00 | Daly & Pitts |

Payable at $20/week ·

DECISION:  The claimant is permanently partially disabled as a result of this work-related injury.  Pursuant to Workers' Compensation Law Section 27, the carrier is directed to deposit into the Aggregate Trust Fund an amount equal to the present value of all unpaid benefits together with such additional sum as is necessary for the administration of such fund.  A supplemental decision will follow which will detail the amount of the deposit. Claimant is classified at a 66.6% permanent partial rate.  No further action is planned by the Board at this time.

| | | | |
|---|---|---|---|
| Claimant - | James Jordan | Employer - | Hanson Building Materials |
| Social Security No. - | | Carrier - | Liberty Mutual Insurance Co |
| WCB Case No. - | 6060 6483 | Carrier ID No. - | W124002 |
| Date of Accident - | 06/06/2006 | Carrier Case No. - | WC205-319453 |
| District Office - | Syracuse | Date of Filing of this Decision - | 09/07/2007 |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

EC-23 (4/96)
FILE COPY

Page 1 of 1

DEPOSITION

Copies To:
Claimant:
Carrier:
Employer:
Other:
:

James Jordan
Liberty Mutual Insurance Co
Hanson Building Materials
Daly & Pitts
Special Funds Sec 15-8
MedRecovery Managment

Please see below for Recipients.


James Jordan
3636 Center Road
Madison, NY  13402

Hanson Building Materials
1780 Route 12B
Oriskany Falls, NY  13425

Liberty Mutual Insurance Co
5015 Campuswood Drive
PO Box 4836
Syracuse, NY  13221


Daly & Pitts
Attorneys At Law
608 State Tower Bldg
Syracuse, NY  13202-1704

Special Funds Sec 15-8
5789 Widewaters Pkwy.
Syracuse, NY  13214-1855
:

MedRecovery Managment
255 Great Arrow Ave
Buffalo, NY  14207-3024


EC-23 (4/98)
FILE COPY

OVER